UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
at Louisville

-------------------------------------------------------------X

THE NATIONAL CONFERENCE OF FIREMEN
AND OILERS/SERVICE EMPLOYEES
INTERNATIONAL UNION, LOCAL 320

                Plaintiff,

-against-

TRINSEO, LLC,

                Defendant.

-------------------------------------------------------------X

**COMPLAINT TO CONFIRM AND ENFORCE AN ARBITRATION AWARD**

Case No. 3:26-cv-132-CRS

COMES NOW the Plaintiff, The National Conference of Firemen and Oilers/Service Employees International Union, Local 320, that as and for its causes of action herein against the Defendant, Trinseo, LLC, hereby respectfully alleges and states as follows:

## INTRODUCTION

1. This action seeks to confirm and enforce a labor arbitration award issued on November 15, 2025, by Arbitrator Jonathan I. Klein ("Award") in proceedings under a collective bargaining agreement. The Award is attached here as Exhibit A.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 and under 28 U.S.C. § 1331.

3. Venue is proper in this District because Defendant Trinseo, LLC ("Employer" or "Defendant") resides in this District.

1

## PARTIES

4. Plaintiff The National Conference of Firemen and Oilers/Service Employees International Union, Local 320 ("Union" or "Plaintiff"), is a labor organization within the meaning of the National Labor Relations Act, 29 U.S.C. § 152(5).

5. Defendant Trinseo, LLC is an employer engaged in interstate commerce within the meaning of the National Labor Relations Act, 29 U.S.C. § 152(2).

## FACTUAL ALLEGATIONS

6. The Union and the Employer (collectively referred to herein as "Parties") are parties to a collective bargaining agreement ("CBA") with a term of June 1, 2022, to May 31, 2025.

7. The CBA provides for arbitration of disputes arising between the parties as to interpretation or application of the CBA.

8. Defendant is a specialty material solutions provider that manufactures plexiglass and plastic pellets used in the contortion, automotive and medical industries. *See* Exh. A, p. 2.

9. Dustin Urban ("Urban") began working at Defendant's Louisville plant in 2018 as a maintenance mechanic. *See* Exh. A, p. 2.

10. On July 19, 2024, Urban notified his supervisor that he was ill and needed to leave work. He was admitted to the hospital later that day and remained hospitalized until July 22, 2024. *See* Exh. A, p. 3.

11. On September 24, 2024 the Defendant terminated Urban, stating:

> This is confirmation of your termination of service with Trinseo LLC effective immediately, September 24, 2024. Your time away from work was not approved. The Company is terminating for just cause.

*See* Exh. A, p. 7.

12. The Union filed a grievance against the Employer on September 26, 2024 to protest Urban's wrongful termination. The grievance stated:

> We the Service Employees International Union are filing this grievance on behalf of Dustin Urban for violation but not limited to Article (3) (Absence of just cause), (21) (Schedule C), also Louisville Plant Controlled Document # HR-01-004 (hourly attendance policy). We are requesting that Dustin's employment be reinstated with full benefits, seniority, and be made whole.

*See* Exh. A, p. 7.

13. The Parties submitted the matter to arbitration. On June 10, 2025 an in-person hearing was held, and on July 15, 2025, the hearing was continued via video. The Parties were afforded full opportunity to present documentary evidence, direct and cross-examine witnesses, and offer rebuttal testimony. Each party submitted a post-hearing brief in support of their respective positions. *See* Exh. A, p. 8.

14. On November 15, 2025 Arbitrator Jonathan I. Klein issued the Award, finding that:

> [t]he grievance is sustained as follows. The Employer shall reinstate the grievant with his seniority rights unimpaired to his position as a maintenance mechanic with full back pay and benefit restored which he would have earned and accrued during the period from his discharge through the date of reinstatement, less any outside earnings or unemployment benefits which he received during said period.

*See* Exh. A, p. 46.

## CLAIMS FOR RELIEF
**Confirmation and Enforcement of Arbitration Award, 29 U.S.C. § 185(a)**

15. To date, the Employer has not complied with the Award.

16. The Award is procedurally and substantively valid under the standards of federal labor arbitration law.

17. Defendant's failure to comply with the Award is in bad faith, without justification, and for purposes of delay.

18. Without this Court's order enforcing and confirming the Award, the Employer will continue to refuse to comply with the Award.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

1. An order of this Court confirming the labor arbitration award issued on November 15, 2025 by Arbitrator Jonathan I. Klein;

2. An order requiring Defendant to immediately reinstate Dustin Urban with his seniority rights unimpaired to his position as a maintenance mechanic;

3. An order requiring Defendant to pay Dustin Urban full back pay from July 23, 2024 through the date of his immediate reinstatement, less any outside earnings or unemployment benefits which he received during that applicable period, and prejudgment interest thereon from the date of this Complaint;

4. That Plaintiff recover its costs and reasonable attorneys' fees as a result of Defendant's refusal to comply with the Award issued on November 15, 2025 by Arbitrator Jonathan I. Klein; and

5. Such other and further relief as the Court deems just and proper.

Dated: February 23, 2026

/s/ Peter J. Jannace
Peter J. Jannace
Herzfeld, Suetholz, Gastel, Leniski
& Wall, PLLC
515 Park Avenue

Louisville, KY 40208
(502) 636-4333 (telephone)
peter@hsglawgroup.com

Susan J. Cameron, Esq.*
Associate General Counsel
SEIU, Local 32BJ
25 West 18th Street
New York, NY 10011
(212) 388-3381 (telephone)
(212) 388-2062 (facsimile)
scameron@seiu32bj.org

*Attorneys for SEIU, Local 32BJ*

*\*Pro Hac Vice Motion Forthcoming*

5